# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ELBA POPPITI, individually and on behalf of all others similarly situated, | Civil Action No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| UNITED INDUSTRIES CORP. and SPECTRUM BRANDS, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Elba Poppiti ("Plaintiff"), by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge, against Defendants United Industries Corporation and Spectrum Brands, Inc. (hereinafter, "Defendants").

## NATURE OF THE ACTION

1. This is a class action lawsuit on behalf of purchasers of Cutter Citro Guard Citronella Candles and Repel Insect Repellent Citronella Candles (collectively, the "Citronella Candles" or the "Products") in the United States.

2. Cutter Citro Guard Citronella Candles and Repel Insect Repellent Citronella Candles are both manufactured and distributed by Defendants. The Products both contain 3% citronella. They share the same exact formula and composition, and have nearly-identical label

claims and packaging.  They are essentially the same product, just with different brand names affixed to their labels.

    3.      Defendants represent on the front of the Products' packaging that their Citronella Candles "repel[] mosquitoes & other flying insects:"





4. Unfortunately for consumers however, the Products do not live up to their label representations. The Products are ineffective to repel mosquitos.

5. For instance, independent research published in the Journal of Insect Science found that Cutter Citro Guard Citronella Candles had "no repellency effect" on mosquitos and "did not significantly reduce mosquito attraction."[1] In fact, the investigators actually observed that the candles "combined with a human subject attracted slightly *more* mosquitoes than the human bait person alone." One of the study's authors commented in a separate news article that "citronella does not deter these mosquitos in any way."[2]

6. These results were also corroborated by independent research published in the Journal of the American Mosquito Control Association, which found that 5% citronella candles (with a significantly higher citronella concentration than the Products which contain only 3% citronella) did no more to repel mosquitos than control candles. Specifically, the authors concluded that "citronella candles are not very effective in repelling mosquitoes, and use of citronella by the general public should be discouraged."[3]

7. But Defendants already know that their Citronella Candles are ineffective to repel mosquitos, and that consumers are mistaken as to citronella's effectiveness. Spectrum Brands published a press release in July of 2016 titled "With Zika Threat Looming, Americans Don't Know How to Prevent Mosquito Bites."[4] In the press release, Spectrum Brands reported findings of a survey it conducted, which "found **many misconceptions** about mosquito repellents and active ingredients. For example, 67% of respondents identified citronella as a

---

[1] https://academic.oup.com/jinsectscience/article/17/1/24/2996380

[2] https://gizmodo.com/anti-mosquito-candles-totally-dont-work-1792597535 (emphasis added)

[3] https://docit.tips/download/ability-of-essential-oil-candles-to-repel-biting-insects-in_pdf

[4] https://investor.spectrumbrands.com/news-releases/news-release-details/zika-threat-looming-americans-dont-know-how-prevent-mosquito?ID=2185860&c=75225&p=irol-newsArticle

very or somewhat effective active ingredient for repelling insects.  **However, citronella is not one of the active ingredients that the CDC recommends as effective.**"[5] (emphasis added).

8. Thus, with almost no awareness of the irony involved, Defendants, who are far and away the largest sellers of citronella candles by volume in the United States, flat out admitted that consumers who believe that citronella is a "very or somewhat effective active ingredient for repelling insects" are under a "misconception."

9. Despite this knowledge, Defendants nonetheless trick consumers into purchasing their ineffective Products.  Upon information and belief, Defendants have sold millions of units of the Products throughout the United States.

10. Plaintiff is a purchaser of the Products who asserts claims on behalf of herself and similarly situated purchasers of the Products for violations of the consumer protection laws of New York, breach of express warranty, unjust enrichment, and fraud.

## PARTIES

11. Plaintiff Elba Poppiti is a citizen of New York who resides in Bronx, New York. Ms. Poppiti purchased a Cutter Citro Guard Citronella Candle from a Home Depot store located in New Rochelle, New York, in the summer of 2017 for approximately $6.  Prior to purchase, Ms. Poppiti carefully read the Cutter Citro Guard Citronella Candle's labeling, including the representation that it "repels mosquitos & other flying insects."  Ms. Poppiti believed this statement to mean that the Product would repel mosquitos and other flying insects, and relied on it in that she would not have purchased the Product at all, or would have only been willing to pay a substantially reduced price for the Product, had she known that these representations were false and misleading.

---

[5] *Id.*

4

12. Defendant United Industries Corporation is a Delaware corporation with its principal place of business in Earth City, Missouri. Defendant United Industries Corporation, a subsidiary of Spectrum Brands, is the leading manufacturer of consumer insect repellent products in the United States. Defendant United Industries Corporation manufactures the Products under the Cutter and Repel brand names.

13. Defendant Spectrum Brands, Inc. is a Delaware corporation with its principal place of business in Middleton, Wisconsin. Defendant Spectrum Brands, Inc. is a leading supplier of personal insect repellents throughout the United States. Defendant Spectrum Brands, Inc. markets and and distributes the Products throughout the United States.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendants.

15. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants do business throughout this District.

16. All conditions precedent necessary for filing this Complaint have been satisfied and/or such conditions have been waived by the conduct of the Defendants.

## CLASS REPRESENTATION ALLEGATIONS

17. Ms. Poppiti seeks to represent a class defined as all persons in the United States who purchased the Products (the "Class"). Excluded from the Class are persons who made such purchase for purpose of resale.

18. Ms. Poppiti also seeks to represent a subclass defined as all Class members who purchased the Products in New York (the "New York Subclass").

19. Members of the Class and New York Subclass are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class and New York Subclass number in the millions. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third-party retailers and vendors.

20. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to whether Defendants' labeling, marketing and promotion of the Products is false and misleading.

21. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendants' false and misleading marketing and promotional materials and representations, purchased the Products, and suffered a loss as a result of that purchase.

22. Plaintiff is an adequate representative of the Class and Subclass because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

23. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and

extensive litigation necessary to establish Defendants' liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Deceptive Acts Or Practices, New York Gen. Bus. Law § 349

24. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

25. Plaintiff brings this claim individually and on behalf of members of the New York Subclass against Defendants.

26. By the acts and conduct alleged herein, Defendants committed unfair or deceptive acts and practices by making false representations on the labeling of the Products.

27. The foregoing deceptive acts and practices were directed at consumers.

28. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the ability of the Products to repel mosquitos and other flying insects.

29. Plaintiff and members of the New York Subclass were injured as a result because (a) they would not have purchased the Products if they had known that the Products were ineffective to repel mosquitos and other flying insects, and (b) they overpaid for the Products on account of their misrepresentation that they "repel[] mosquitos & other flying insects."

7

30. On behalf of herself and other members of the New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT II
### False Advertising, New York Gen. Bus. Law § 350

31. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

32. Plaintiff brings this claim individually and on behalf of members of the New York Subclass against Defendants.

33. Based on the foregoing, Defendants have engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by misrepresenting on the labeling of the Products their ability to repel mosquitos and other flying insects.

34. The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

35. This misrepresentation has resulted in consumer injury or harm to the public interest.

36. As a result of this misrepresentation, Plaintiff and members of the New York Subclass have suffered economic injury because (a) they would not have purchased the Products if they had known that the Products were ineffective to repel mosquitos and other flying insects, and (b) they overpaid for the Products on account of their misrepresentation that they "repel[] mosquitos & other flying insects."

37. On behalf of herself and other members of the New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT III
### Breach of Express Warranty

38. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

39. Plaintiff brings this claim individually and on behalf of members of the Class and New York Subclass against Defendants.

40. In connection with the sale of the Products, Defendants, as the designers, manufacturers, marketers, distributors, and/or sellers issued a written warranty by representing that the Products "repels mosquitos & other flying insects."

41. In fact, the Products do not conform to the above-referenced representation because the Products are ineffective to repel mosquitos and other flying insects.

42. Plaintiff and Class members were injured as a direct and proximate result of Defendants' breach because (a) they would not have purchased the Products if they had known that the Products were ineffective to repel mosquitos and other flying insects, and (b) they overpaid for the Products on account of their misrepresentation that they "repel[] mosquitos & other flying insects."

## COUNT IV
### Unjust Enrichment

43. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

44. Plaintiff brings this claim individually and on behalf of members of the Class and New York Subclass against Defendants.

9

45. Plaintiff and Class members conferred benefits on Defendants by purchasing the Products.

46. Defendants have knowledge of such benefits.

47. Defendants have been unjustly enriched in retaining the revenues derived from Plaintiff's and Class members' purchases of the Products. Retention of those moneys under these circumstances is unjust and inequitable because Defendants misrepresented that the Products "repel[] mosquitos & other flying insects."

48. Because Defendants' retention of the non-gratuitous benefits conferred on it by Plaintiff and Class members is unjust and inequitable, Defendants must pay restitution to Plaintiff and the Class members for their unjust enrichment, as ordered by the Court.

## COUNT V
### Fraud

49. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

50. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and New York Subclass against Defendants.

51. As discussed above, Defendants misrepresented on the Products' labeling that they "repel[] mosquitos & other flying insects."

52. The false and misleading representations and omissions were made with knowledge of their falsehood. Defendants are top distributors of pest repellant products in the United States who are undoubtedly aware of the studies finding that its product does not work. Defendants are also undoubtedly aware of its own press release and consumer survey findings which stated that citronella is not one of the ingredients that the CDC recommends as effective, and that 67% of consumers surveyed mistakenly believe that citronella is a very or somewhat

10

effective active ingredient for repelling insects.  Nonetheless, Defendants continue to sell their ineffective and worthless Products to unsuspecting consumers.

53. The false and misleading representations and omissions were made by Defendants, upon which Plaintiff and members of the proposed Class and New York Subclass reasonably and justifiably relied, and were intended to induce and actually induced Plaintiff and members of the proposed Class and New York Subclass to purchase Cutter Natural.

54. The fraudulent actions of Defendants caused damage to Plaintiff and members of the proposed Class and Subclass, who are entitled to damages and other legal and equitable relief as a result.

## **RELIEF DEMANDED**

55. WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

   a. For an order certifying the nationwide Class and the New York Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and New York Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and New York Subclass members;

   b. For an order declaring that Defendants' conduct violates the statutes referenced herein;

   c. For an order finding in favor of Plaintiff, the nationwide Class, and the New York Subclass on all counts asserted herein;

   d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

   e. For prejudgment interest on all amounts awarded;

   f. For an order of restitution and all other forms of equitable monetary relief;

   g. For an order enjoining Defendants from continuing the illegal practices detailed herein and compelling Defendants to undertake a corrective advertising campaign; and

   h. For an order awarding Plaintiff and the Class and New York Subclass their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated:  July 17, 2019                                  Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:  /s/ *Yitzchak Kopel*
         Yitzchak Kopel

Yitzchak Kopel
888 Seventh Avenue
New York, NY 10019
Tel:  (646) 837-7150
Fax: (212) 989-9163
E-Mail:  ykopel@bursor.com

*Attorney for Plaintiff*