IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELBA POPPITI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED INDUSTRIES CORP.<br>and SPECTRUM BRANDS, INC.<br><br>Defendants. | Case No.: 4:19-cv-02028-SNLJ |

## DEFENDANTS' REQUEST FOR THE SETTING
## OF A STATUS AND/OR SCHEDULING CONFERENCE

COME NOW Defendants United Industries Corporation (erroneously sued as United Industries Corp.) ("United") and Spectrum Brands, Inc. ("Spectrum") (collectively "Defendants") and hereby respectfully request that the Court schedule a status conference and/or scheduling conference as soon as the Court's schedule reasonably permits to discuss recent developments that may be pertinent to efficient case management and Defendants' pending Motion to Dismiss Plaintiff's Complaint Under F.R.C.P. 12 ("Motion to Dismiss") (Dkt. #12). As grounds for this Request, Defendants state as follows:

1.  Plaintiff Elba Poppiti, on behalf of herself and a putative class, filed this action against Defendants alleging that two types of citronella candles distributed by Defendant United, Cutter Citro Guard Candles and Repel Insect Repellent Citronella

1819709

Candles (collectively the "Products"), are ineffective to repel mosquitos, contrary to package labeling.

2. On September 26, 2019, Defendants filed their Motion to Dismiss, setting forth multiple separate grounds supporting dismissal of Plaintiff's Complaint with prejudice, including but not limited to, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and/or 12(b)(6). The Motion to Dismiss is pending, and the time for Plaintiff to respond to the Motion to Dismiss has not elapsed.

3. Meanwhile, on October 4, 2019, Bursor & Fisher P.A., counsel for Plaintiff herein, sent a preliminary notice and demand letter to United and Spectrum on behalf of another client, Michael Destio ("October Demand Letter," attached hereto as Exhibit A), purporting to seek corrective action on behalf of a class of all persons in the United States who purchased the Products and a subclass of persons who purchased the Products in New York. The October Demand Letter is nearly identical to a May 31, 2019 preliminary notice and demand letter sent by Bursor & Fisher P.A. on behalf of Ms. Poppiti prior to the filing of the instant action (attached hereto as Exhibit B).

4. Defendants anticipate that Bursor & Fisher P.A. is taking steps to bring the same claims on behalf of Mr. Destio for the same Products, on behalf of exactly overlapping classes, and against the same Defendants – either in this Court or another federal jurisdiction.

5. Given Defendants' pending Motion to Dismiss, should Bursor & Fisher, P.A. file a duplicative lawsuit against them in this jurisdiction, it likely will lead to

2

1819709

duplicative motion practice wasting both the Court's and the parties' respective time and resources.

6. Should Bursor & Fisher, P.A. file a duplicative lawsuit in another federal jurisdiction on behalf of Mr. Destio concerning the Products, any such lawsuit should be "dismissed, transferred, or stayed" to "promote efficient use of judicial resources." *See Hardwood Lumber, Inc. v. Brewco Inc.*, No. 3:18-05088-CV-RK, 2019 U.S. Dist. LEXIS 65303, at *11 (W.D. Mo. Apr. 17, 2019).

7. If Bursor & Fisher P.A. were to proceed with a separate overlapping lawsuit in this Court or in another federal jurisdiction, so doing also could create a potential conflict of interest. *See* 1 MCLAUGHLIN ON CLASS ACTIONS § 4:39 (15th ed.) ("Courts have consistently held that counsel cannot simultaneously represent a class and prosecute either individual or class claims against the same defendants in a different proceeding").

8. For these reasons, Defendants respectfully request a conference with the Court to address management of the case in an effort to avoid burdening the Court, or wasting the Court's and the parties' time and resources if Bursor & Fisher, P.A. anticipates the filing of a consolidated or amended complaint in this Court.

9. This motion is made in the interests of justice and the preservation of judicial resources, and not for the purpose of burdening the Court or counsel.

WHEREFORE, Defendants respectfully request that the Court grant this Request and schedule a status conference or scheduling conference as soon as the Court's schedule reasonably permits.

1819709

Respectfully submitted,

Dated: October 9, 2019

GREENSFELDER, HEMKER & GALE, P.C.

By   /s/ Mary Ann L. Wymore
Mary Ann L. Wymore, MO #44061
mlw@greensfelder.com
10 South Broadway, Suite 2000
St. Louis, Missouri 63102
Telephone: (314) 516-2662
Facsimile: (314) 345-5488

*Attorneys for Defendants United Industries Corporation (erroneously sued as United Industries Corp.) and Spectrum Brands, Inc. (appearing specially to contest jurisdiction)*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 9th day of October, 2019, the foregoing document was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ Mary Ann L. Wymore

1819709