IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ELBA POPPITI and MICHAEL DESTIO, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Case No.:  4:19-cv-02028-SNLJ |
| v. | ) | |
| | ) | |
| UNITED INDUSTRIES CORP. and SPECTRUM BRANDS, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

**UNITED INDUSTRIES CORPORATION'S ANSWER TO**
**<u>FIRST AMENDED CLASS ACTION COMPLAINT</u>**

UIC United Industries Corporation ("UIC"), by and through counsel, submits the following as its Answer to the First Amended Class Action Complaint ("Complaint") filed by plaintiffs Elba Poppiti and Michael Destio ("Plaintiffs").[1]  Except as expressly admitted, UIC denies each and every allegation in the Complaint as stated below.

---

[1] On March 24, 2020, the Court dismissed defendant Spectrum Brands, Inc. ("Spectrum") from this action.  *See* Docket No. 34.  Plaintiffs did not thereafter file an amended complaint removing allegations against Spectrum.  The Complaint, in large part, continues to use collective references to "Defendants."  This Answer is solely on behalf of UIC and does not address any allegations against the now-dismissed Spectrum.

## NATURE OF THE ACTION[2]

1.     Answering Paragraph 1, UIC admits that Plaintiffs seek to bring a putative class action on behalf of purchasers of Cutter Citro Guard Citronella Candles and Repel Insect Repellent Citronella Candles, which Plaintiffs define as the "Citronella Candles" or the "Products," as alleged in the Complaint, and otherwise denies any remaining allegations, and specifically denies that Plaintiffs are entitled to bring or maintain this purported class action or are entitled to any relief whatsoever.

2.     Answering Paragraph 2, UIC admits that, at certain periods of time, it manufactured and distributed certain Citronella Candles, states that the purported Product labels, packaging, formulas, and composition speak for themselves, and denies any remaining and/or inconsistent allegations.

3.     Answering Paragraph 3, UIC admits that the Products came in packaging and that the quoted language appears on the packaging images included in the Complaint, and denies any remaining and/or inconsistent allegations.

4.     Answering Paragraph 4, UIC denies the allegations contained therein.

5.     Answering Paragraph 5, UIC admits that the quoted language appears (without the emphasis) in the referenced articles and/or publications, states that they otherwise speak for themselves, and denies knowledge or information sufficient to form a belief as to the truth of any remaining and/or inconsistent allegations which UIC therefore denies based on said lack of knowledge or information.

---

[2] All headings are as stated in the Complaint; to the extent response is required to such headings, UIC denies any allegations set forth therein.

6.      Answering Paragraph 6, UIC admits that the quoted language appears in the referenced article and/or publication, states that it otherwise speaks for itself, and denies knowledge or information sufficient to form a belief as to the truth of any remaining and/or inconsistent allegations which UIC therefore denies based on said lack of knowledge or information.

7.      Answering the first sentence of Paragraph 7, UIC denies the allegations contained therein.  Answering the remainder of Paragraph 7, UIC admits that the quoted language appears (without the emphasis) in the referenced press release, states that it otherwise speaks for itself, and denies any remaining and/or inconsistent allegations.

8.      Answering Paragraph 8, UIC admits that, at certain periods of time, it manufactured and distributed certain Citronella Candles and that the quoted language appears in the referenced press release, states that the referenced press release otherwise speaks for itself, and denies any remaining and/or inconsistent allegations.

9.      Answering the first sentence of Paragraph 9, UIC denies the allegations contained therein.  Answering the second, third, and fourth sentences of Paragraph 9, UIC admits that the quoted language appears in the referenced program, states that it otherwise speaks for itself, and denies knowledge or information sufficient to form a belief as to the truth of any remaining and/or inconsistent allegations which UIC therefore denies based on said lack of knowledge or information.

10.      Answering Paragraph 10, UIC denies the program language, as quoted, appears in the referenced program, states that it otherwise speaks for itself, and denies knowledge or information sufficient to form a belief as to the truth of any remaining

and/or inconsistent allegations which UIC therefore denies based on said lack of knowledge or information.

11.     Answering Paragraph 11, UIC denies the program language, as quoted in the first quote, appears in the referenced program, admits that the remainder of the quoted language appears in the referenced program, states that it otherwise speaks for itself, and denies knowledge or information sufficient to form a belief as to the truth of any remaining and/or inconsistent allegations which UIC therefore denies based on said lack of knowledge or information.

12.     Answering Paragraph 12, UIC admits the quoted language appears in the referenced program, states that it otherwise speaks for itself, and denies knowledge or information sufficient to form a belief as to the truth of any remaining and/or inconsistent allegations which UIC therefore denies based on said lack of knowledge or information.

13.     Answering Paragraph 13, UIC denies being aware of the referenced program prior to its airing, admits that, at some point in time, UIC became aware of the referenced program, admits that it cares about its reputation and regularly monitors its publicity, states that the referenced program otherwise speaks for itself, denies knowledge or information sufficient to form a belief as to the truth of allegations as they relate to "most companies," which UIC therefore denies based on said lack of knowledge or information, and denies any remaining and/or inconsistent allegations.

14.     Answering Paragraph 14, UIC denies the allegations contained therein.

15.     Answering the first sentence of Paragraph 15, UIC denies the allegations contained therein.  Answering the second sentence of Paragraph 15, UIC admits it has sold millions of units of the Products throughout the United States.

16.     Answering Paragraph 16, UIC admits that Plaintiffs seek to bring a putative class action as alleged in the Complaint, and otherwise denies the allegations, and specifically denies that alleged purchasers of the Products are similarly situated and denies that Plaintiffs are entitled to bring or maintain this purported class action or are entitled to any relief whatsoever.

## PARTIES

17.     Answering the first through the fifth sentences of Paragraph 17, UIC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein regarding plaintiff Elba Poppiti and her purported purchase and use of the alleged Product, which allegations UIC therefore denies based on said lack of knowledge or information, and denies any remaining and/or inconsistent allegations. Answering the last sentence of Paragraph 17, UIC denies the allegations contained therein.

18.     Answering the first through the fifth sentences of Paragraph 18, UIC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein regarding plaintiff Michael Destio and his purported purchase and use of the alleged Product, which allegations UIC therefore denies based on said lack of knowledge or information, and denies any remaining and/or inconsistent allegations.

Answering the last sentence of Paragraph 18, UIC denies the allegations contained therein.

19.     Answering the first sentence of Paragraph 19, UIC admits that it is a Delaware corporation with its principal place of business in Earth City, Missouri. Answering the second and third sentences of Paragraph 19, UIC denies it is a subsidiary of "Spectrum Brands," as alleged in the Complaint, admits that it is a subsidiary of Spectrum Brands, Inc., states that, at certain periods of time, it manufactured certain consumer insect repellent products, including the Products, and denies any remaining allegations.

20.     Answering Paragraph 20, UIC states that the Court dismissed Spectrum Brands, Inc. from this action and the allegations thus require no response, but to the extent any further response is required, UIC admits that Spectrum Brands, Inc. is a Delaware corporation with its principal place of business in Middleton, Wisconsin, and denies any remaining allegations.

## JURISDICTION AND VENUE

21.     Answering Paragraph 21, UIC admits that Plaintiffs purport to assert jurisdiction pursuant to 28 U.S.C. § 1332(d) and further states that the allegations set forth legal conclusions that do not require a response, but, to the extent any further response is required, UIC denies the allegations.

22.     Answering Paragraph 22, UIC admits that Plaintiffs purport to assert venue pursuant to 28 U.S.C. § 1391 and further states that the allegations set forth legal

conclusions that do not require a response, but, to the extent any further response is required, UIC denies the allegations.

23.     Answering Paragraph 23, UIC states that the allegations contained therein set forth legal conclusions that do not require a response, but, to the extent any further response is required, UIC denies the allegations.

## CLASS REPRESENTATION ALLEGATIONS

24.     Answering Paragraph 24, UIC admits that Plaintiffs purport to seek to represent a class and provide a proposed definition of the putative class, and, except as expressly admitted, denies the allegations contained therein and specifically denies that Plaintiffs are entitled to bring or maintain this purported class action.

25.     Answering Paragraph 25, UIC admits that Plaintiffs purport to seek to represent a subclass and provide a definition of the putative subclass, and, except as expressly admitted, denies the allegations contained therein and specifically denies that Plaintiffs are entitled to bring or maintain this purported class action.

26.     Answering Paragraph 26, UIC denies that Plaintiffs are entitled to bring or maintain this purported class action and states that the allegations contained therein set forth legal conclusions that do not require a response, but, to the extent any further response is required, UIC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein regarding the purported number or identity of putative members which allegations UIC therefore denies based on said lack

of knowledge or information, and specifically denies that Plaintiffs are entitled to bring or maintain this purported class action.

27.    Answering Paragraph 27, UIC states that the allegations contained therein set forth legal conclusions that do not require a response, but, to the extent any further response is required, UIC denies that common questions or fact or law predominate, denies that Plaintiffs are entitled to bring or maintain this purported class action, and denies that UIC engaged in any wrongdoing.

28.    Answering Paragraph 28, UIC states that the allegations contained therein set forth legal conclusions that do not require a response, but, to the extent any further response is required, UIC denies that Plaintiffs are entitled to bring or maintain this purported class action, denies that Plaintiffs or any putative class member suffered any injury or damages, and denies that UIC engaged in any wrongdoing.

29.    Answering Paragraph 29, UIC states that the allegations contained therein set forth legal conclusions that do not require a response, but, to the extent any further response is required, UIC denies that Plaintiffs are entitled to bring or maintain this purported class action and further denies knowledge or information sufficient to form a belief as to the truth of any remaining and/or inconsistent allegations contained therein which UIC therefore denies based on said lack of knowledge or information.

30.    Answering Paragraph 30, UIC states that the allegations contained therein set forth legal conclusions that do not require a response, but, to the extent any further response is required, UIC denies that Plaintiffs are entitled to bring or maintain this purported class action, denies that Plaintiffs or any putative class member suffered any

injury or damages, and denies that UIC engaged in any wrongdoing.  UIC further denies knowledge or information sufficient to form a belief as to the truth of any remaining and/or inconsistent allegations contained therein which UIC therefore denies based on said lack of knowledge or information.

**COUNT I**
**Deceptive Acts Or Practices, New York Gen. Bus. Law § 349**

31.     Answering Paragraph 31, UIC admits that Plaintiffs purport to incorporate by reference and re-allege, and UIC repeats and re-alleges each and every admission, denial, and statement contained above with the same force and effect as though set forth here in full.

32.     Answering Paragraph 32, UIC admits that Plaintiffs purport to bring the alleged claim individually and on behalf of putative class members, and denies that Plaintiffs are entitled to bring or maintain said claim individually or on behalf of the purported class or subclass.  Except as expressly admitted, UIC denies any remaining allegations.

33.     Answering Paragraph 33, UIC denies the allegations contained therein and further states that the allegations contained therein also set forth legal conclusions that do not require a response, but, to the extent any further response is required, UIC denies the allegations.

34.     Answering Paragraph 34, UIC states that the allegations contained therein set forth legal conclusions that do not require a response, but, to the extent any further response is required, UIC denies the allegations.

35.     Answering Paragraph 35, UIC denies the allegations contained therein and further states that the allegations contained therein also set forth legal conclusions that do not require a response, but, to the extent any further response is required, UIC denies the allegations.

36.     Answering Paragraph 36, UIC denies the allegations contained therein, and specifically denies that Plaintiffs or any putative class member are entitled to any relief from the Court, denies that Plaintiffs or any putative class member suffered any injury or damages, and denies that UIC engaged in any wrongdoing.

37.     Answering Paragraph 37, UIC denies that Plaintiffs or any putative class member suffered any injury or damages, denies that UIC engaged in any wrongdoing, denies that Plaintiffs or any putative class member are entitled to any relief from the Court, and further states that the Court dismissed Plaintiffs' claims for injunctive relief.

## COUNT II
### False Advertising, New York Gen. Bus. Law § 350

38.     Answering Paragraph 38, UIC admits that Plaintiffs purport to incorporate by reference and re-allege, and UIC repeats and re-alleges each and every admission, denial, and statement contained above with the same force and effect as though set forth here in full.

39.     Answering Paragraph 39, UIC admits that Plaintiffs purport to bring the alleged claim individually and on behalf of putative class members, and denies that Plaintiffs are entitled to bring or maintain said claim individually or on behalf of the

purported class or subclass.  Except as expressly admitted, UIC denies any remaining allegations.

40.     Answering Paragraph 40, UIC denies the allegations contained therein, denies that UIC engaged in any wrongdoing, and further states that the allegations contained therein also set forth legal conclusions that do not require a response, but, to the extent any further response is required, UIC denies the allegations.

41.     Answering Paragraph 41, UIC denies the allegations contained therein, denies that UIC engaged in any wrongdoing, and further states that the allegations contained therein also set forth legal conclusions that do not require a response, but, to the extent any further response is required, UIC denies the allegations.

42.     Answering Paragraph 42, UIC denies the allegations contained therein, denies that UIC engaged in any wrongdoing, denies that the public interest, Plaintiffs, or any putative class member suffered any injury or damages, and further states that the allegations contained therein also set forth legal conclusions that do not require a response, but, to the extent any further response is required, UIC denies the allegations.

43.     Answering Paragraph 43, UIC denies the allegations contained therein, and specifically denies that Plaintiffs or any putative class member are entitled to any relief from the Court, denies that Plaintiffs or any putative class member suffered any injury or damages, and denies that UIC engaged in any wrongdoing.

44.     Answering Paragraph 44, UIC denies that Plaintiffs or any putative class member suffered any injury or damages, denies that UIC engaged in any wrongdoing,

denies that Plaintiffs or any putative class member are entitled to any relief from the Court, and further states that the Court dismissed Plaintiffs' claims for injunctive relief.

## COUNT III
### Breach of Express Warranty

45.    Answering Paragraph 45, UIC admits that Plaintiffs purport to incorporate by reference and re-allege, and UIC repeats and re-alleges each and every admission, denial, and statement contained above with the same force and effect as though set forth here in full.

46.    Answering Paragraph 46, UIC admits that Plaintiffs purport to bring the alleged claim individually and on behalf of putative class members, and denies that Plaintiffs are entitled to bring or maintain said claim individually or on behalf of the purported class or subclass.  Except as expressly admitted, UIC denies any remaining allegations.

47.    Answering Paragraph 47, UIC admits that the quoted language appears on the packaging images included in the Complaint and states that the allegations contained therein set forth legal conclusions that do not require a response, but, to the extent any further response is required, UIC denies any remaining and/or inconsistent allegations.

48.    Answering Paragraph 48, UIC denies the allegations contained therein.

49.    Answering Paragraph 49, UIC denies the allegations contained therein and states that the allegations contained therein also set forth legal conclusions that do not require a response, but, to the extent any further response is required, UIC denies that Plaintiffs or any putative class member are entitled to any relief from the Court, denies

1852608                                           12

that Plaintiffs or any putative class member suffered any injury or damages, and denies that UIC engaged in any wrongdoing.

**COUNT IV**
**Unjust Enrichment**

50.     Answering Paragraph 50, UIC admits that Plaintiffs purport to incorporate by reference and re-allege, and UIC repeats and re-alleges each and every admission, denial, and statement contained above with the same force and effect as though set forth here in full.

51.     Answering Paragraph 51, UIC admits that Plaintiffs purport to bring the alleged claim individually and on behalf of putative class members, and denies that Plaintiffs are entitled to bring or maintain said claim individually or on behalf of the purported class or subclass.  Except as expressly admitted, UIC denies any remaining allegations.

52.     Answering Paragraph 52, UIC states that the allegations contained therein set forth legal conclusions that do not require a response, but, to the extent a response is required, UIC denies the allegations.

53.     Answering Paragraph 53, UIC states that the allegations contained therein set forth legal conclusions that do not require a response, but, to the extent a response is required, UIC denies the allegations.

54.     Answering Paragraph 54, UIC denies the allegations contained therein and states that the allegations contained therein also set forth legal conclusions that do not require a response, but, to the extent any further response is required, UIC denies that

Plaintiffs or any putative class member are entitled to any relief from the Court, denies that Plaintiffs or any putative class member suffered any injury or damages, and denies that UIC engaged in any wrongdoing.

55.     Answering Paragraph 55, UIC denies the allegations contained therein and states that the allegations contained therein also set forth legal conclusions that do not require a response, but, to the extent any further response is required, UIC denies that Plaintiffs or any putative class member are entitled to any relief from the Court, denies that Plaintiffs or any putative class member suffered any injury or damages, and denies that UIC engaged in any wrongdoing.

## COUNT V
**Fraud**

56.     Answering Paragraph 56, UIC admits that Plaintiffs purport to incorporate by reference and re-allege, and UIC repeats and re-alleges each and every admission, denial, and statement contained above with the same force and effect as though set forth here in full.

57.     Answering Paragraph 57, UIC admits that Plaintiffs purport to bring the alleged claim individually and on behalf of putative class members, and denies that Plaintiffs are entitled to bring or maintain said claim individually or on behalf of the purported class or subclass.  Except as expressly admitted, UIC denies any remaining allegations.

58.     Answering Paragraph 58, UIC states that the Product packaging speaks for itself and denies any remaining and/or inconsistent allegations contained therein.

59.     Answering Paragraph 59, UIC denies the allegations contained therein and further states that the referenced programs and/or publications speak for themselves and that, at certain periods of time, it manufactured and distributed certain Citronella Candles. Except as expressly admitted, UIC denies any remaining and/or inconsistent allegations.

60.     Answering Paragraph 60, UIC denies the allegations contained therein and states that the allegations contained therein also set forth legal conclusions that do not require a response, but, to the extent any further response is required, UIC denies the allegations.

61.     Answering Paragraph 61, UIC denies that Plaintiffs or any putative class member suffered any injury or damages, denies that UIC engaged in any wrongdoing, denies that Plaintiffs or any putative class member are entitled to any relief from the Court, and further states that the Court dismissed Plaintiffs' claims for injunctive relief.

## RELIEF DEMANDED

62.     UIC denies that Plaintiffs or any putative class member are entitled to any relief whatsoever, and further states that the Court dismissed Plaintiffs' claims for injunctive relief.

## JURY TRIAL DEMANDED

63.     UIC denies that Plaintiffs or any putative class member are entitled to a jury on any issues triable to the Court.

## SEPARATE DEFENSES

64.     Without waiving or excusing Plaintiffs' and/or putative class members' burden of proof or admitting that any of the following are in fact defenses upon which UIC has any burden of proof as opposed to denials of matters as to which Plaintiffs and/or putative class members have the burden of proof, or that UIC has any burden of proof at all, UIC hereby asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
#### (Standing)

65.     Plaintiffs lack standing to bring this action or any purported claim for relief alleged in the Complaint.

### SECOND AFFIRMATIVE DEFENSE
#### (Failure To State A Claim)

66.     The Complaint and any purported claims for relief alleged therein fail to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE
#### (Failure To Allege Fraud With Sufficient Particularity)

67.     Plaintiffs have failed to allege fraud with sufficient particularity and/or adequately allege scienter and/or reliance, to state a claim based on fraud upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure To Allege New York General Business Law Section 350 Claim)

68.     Plaintiffs have failed to adequately allege their New York General Business Law Section 350 Claim, including but not limited to Plaintiffs' reliance, to state a claim upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure To State A Claim For Punitive Damages)

69.     The Complaint and any purported claims for relief alleged therein fail to state facts sufficient to recover punitive or exemplary damages.

## SIXTH AFFIRMATIVE DEFENSE
### (No Damages / No Injury In Fact / Lack Of Causation)

70.     Neither Plaintiffs nor any putative class member have suffered any damages or injury in fact by reason of any act or omission by UIC.  The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, because neither Plaintiffs nor any putative class member suffered any actual injury by reason of any of UIC's acts, conduct, or omissions as alleged in the Complaint, and/or any alleged injury was not causally related to any of UIC's acts, conduct, or omissions as alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE
### (Punitive Damages Unconstitutional)

71.     To the extent applicable, neither Plaintiffs nor any putative class member are entitled to recover any punitive or exemplary damages on the grounds that any award of punitive or exemplary damages under federal and/or state law in general, and/or any

such award under federal and/or state law as applied to the facts of this specific action, would violate the constitutional rights of UIC under provisions of the United States and state constitutions, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution, and similar provisions of each state constitution, including the due process clause of the Missouri Constitution, Art. I, §10.

## EIGHTH AFFIRMATIVE DEFENSE
### (Limitations on Warranty and/or Lack of Reliance, Privity, Timely Notice, Etc.)

72.     To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs' claims are barred, in whole or in part, because any purported warranty was disclaimed and/or limited and/or because of lack of reliance, timely notice, and/or privity.

## NINTH AFFIRMATIVE DEFENSE
### (Statute Of Limitations)

73.     To the extent any of the conduct complained of occurred outside the applicable limitations period, the Complaint and any purported claims for relief alleged therein are barred, in whole or in part, by the applicable statutes of limitation.

## TENTH AFFIRMATIVE DEFENSE
### (No Intent To Deceive)

74.     The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, because of the lack of intent to deceive.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Good Faith / Lack Of Malice)

75.     The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, because the alleged conduct was in good faith, and all of the alleged conduct, acts, and/or omissions were undertaken without malice.

## TWELFTH AFFIRMATIVE DEFENSE
### (Compliance With Legal Obligations)

76.     The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, because UIC complied, or sought in good faith to comply, with all of its legal obligations under the applicable laws.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Conduct Consistent With Law And Applicable Regulations)

77.     The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, because UIC's conduct was consistent with the law and applicable regulations.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Comparative And/Or Contributory Negligence And/Or Fault)

78.     If Plaintiffs and/or the putative class members suffered or sustained any damage or injury, either as alleged in the Complaint, or at all, which UIC denies, it was caused by and attributable to the negligence, recklessness, carelessness, fault, fraud, and/or unlawful conduct of parties other than UIC.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Failure To Mitigate)

79.     Plaintiffs and/or the putative class members have failed to make reasonable efforts to mitigate the alleged damages they claim to have suffered.  Accordingly, the relief, if any, to which Plaintiffs and/or the putative class members are entitled, which UIC denies, must be diminished by the extent that such damages could have been mitigated.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Failure To Comply With Statutory Requirements)

80.     The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, by Plaintiffs' and/or the putative class members' failure to comply with statutory requirements that are conditions precedent to bringing and/or maintaining this action and/or to the recovery of the relief sought herein, including but not limited to notification and timeliness requirements.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Class Action Waiver)

81.     The Complaint and any purported claims for relief alleged therein on behalf of Plaintiffs and/or putative class member, or some of them, are barred, in whole or in part, by class and/or collective action waiver pursuant to Plaintiffs' and/or putative class members' agreement in connection with the purchase of the Products and/or their use. UIC reserves the right to file motion(s) in connection with said class action waiver as provided and allowed by law.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Arbitration As Exclusive Remedy)

82.     The Complaint and any purported claims for relief alleged therein on behalf of Plaintiffs and/or putative class member, or some of them, are barred, in whole or in part, on the ground that the exclusive remedy for such claims is final and binding arbitration pursuant to Plaintiffs' and/or putative class members' agreement in connection with the purchase of the Products and/or their use, and Plaintiffs and/or the putative class members have failed to pursue or exhaust said arbitration procedure.  UIC reserves the right to file motion(s) in connection with said arbitration as provided and allowed by law.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Res Judicata / Collateral Estoppel / Settlement / Release)

83.     The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, settlement, and/or release.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Laches / Waiver / Estoppel)

84.     The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Reservation Of Rights)

85.     UIC does not presently know all of the facts and circumstances respecting Plaintiffs' claims.  UIC reserves the right to assert additional defenses and affirmative defenses as they become known.

WHEREFORE, UIC prays for judgment as follows:

1.     That neither Plaintiffs nor any putative class member take anything by way of the Complaint, and that the same be dismissed with prejudice on the merits;

2.     That judgment be entered in favor of UIC and against Plaintiffs and (should the case be certified) against the putative class members;

3.     That UIC be awarded reasonable attorneys' fees and costs of suit herein, as provided by law; and

4.     That UIC be granted such further and other relief as the Court deems just and proper.

DATED:  April 17, 2020        Respectfully submitted,

                              GREENSFELDER, HEMKER & GALE, P.C.

                              By  /s/ Mary Ann L. Wymore
                                  Mary Ann L. Wymore, MO #44061
                                mlw@greensfelder.com
                                10 South Broadway, Suite 2000
                                St. Louis, Missouri 63102
                                Telephone: (314) 516-2662
                                Facsimile: (314) 345-5488

                              Jeffrey L. Richardson
                              (upon *pro hac vice* application)
                              Valentine A. Shalamitski
                              (upon *pro hac vice* application)
                              MITCHELL SILBERBERG & KNUPP LLP
                              2049 Century Park East, 18th Floor
                              Los Angeles, CA  90067

                              Jamie A. Levitt
                              (upon *pro hac vice* application)
                              Yukiu Monica Chan
                              (upon *pro hac vice* application)
                              MORRISON & FOERSTER LLP
                              250 West 55th Street
                              New York, NY 10019-9601

                              *Attorneys for Defendant United Industries*
                              *Corporation*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 17th day of April, 2020, the foregoing document was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                                     /s/ Mary Ann L. Wymore